### *In the United States District Court*
### *for the Western District of Wisconsin*

| | |
|---|---|
| Abby von Heimburg,<br><br>    plaintiff,<br><br>– v –<br><br>Marshfield Clinic, Inc., a Wisconsin corporation,<br><br>    defendant. | |

## Verified Complaint of Failure to Pay Wages

### Nature of action and verification of Complaint

1.    This Verified Complaint alleges failure to pay agreed-upon wages for a notice period and failure to pay agreed-upon severance.

2.    Plaintiff's Verification of paragraphs 3 through30 of this Verified Complaint is attached as Exhibit A.

### Parties

3.    Plaintiff is Abby von Heimburg, who is a medical doctor.

4.    Defendant is Marshfield Clinic, Inc., a Wisconsin corporation.

### Defendant employs Dr. von Heimburg as an urgent care specialist

5.    Defendant hired Dr. von Heimburg effective March 1, 2021.

6.    On or about that time and continuing to the present, when defendant advertised for Urgent Care doctors, those advertisements specified urgent or immediate care.

7.    When defendant hired Dr. von Heimburg, it knew she had been practicing as an urgent or immediate care physician for approximately seventeen years.

8.      When defendant hired Dr. von Heimburg, and continuing throughout her employment there, it assigned her to the Urgent Care Department at its Weston Medical Center.

9.      When defendant hired Dr. von Heimburg, and continuing throughout her employment there, defendant knew that it had given Dr. von Heimburg privileges for urgent care and not for any other physician speciality.

10.     Defendant's website listed Dr. von Heimburg as an urgent care physician and/or urgent care specialist.

11.     Defendant also otherwise advertised and/or presented Dr. von Heimburg as an urgent care physician and/or urgent care specialist.

**Defendant chooses to close its Weston Urgent Care Department**

12.     Sometime in early 2024, defendant chose to replace the medical doctors at its Urgent Care Department at Weston Medical Center with practitioners who were not medical doctors.

13.     As of that time, defendant still assigned Dr. von Heimburg to the Urgent Care Department at its Weston Medical Center, still listed her as an urgent care physician and/or urgent care specialist on its website, and still otherwise advertised and/or presented her as an urgent care physician or urgent care specialist.

14.     On or about February 8, 2024, defendant notified Dr. von Heimburg and the other medical doctors who worked in the Urgent Care Department at its Weston Medical Center that it would be eliminating medical doctors from that Department effective March 31, 2024.

-2-

15.     Defendant did indeed eliminate the medical doctors from the Urgent Care Department at its Weston Medical Center on or about March 31, 2024.

**Defendant had agreed to pay severance and wages for a notice period**

16.     More than a year before defendant chose to eliminate the medical doctors from its Weston Urgent Care Department, defendant had offered Dr. von Heimburg an Agreement.

17.     That Agreement contained a provision that called for payment of wages during a notice period should defendant choose to discontinue a physician's speciality.

18.     That Agreement also contained a severance provision that stated, in relevant part:

> "... In the event that Physician resigns due to (1) a planned relocation of twenty-five (25) or greater miles of Physician's practice as a result of Clinic's closure of a center or (ii) discontinuance of Physician's specialty, Physician shall be eligible for severance if Physician otherwise meets the criteria for severance under Clinic's then-existing Class A Member Severance policy."

19.     When defendant chose to eliminate the medical doctors at Weston Urgent Care, defendant knew that Dr. von Heimburg had signed that Agreement with its provisions for payment of notice-period wages and severance should defendant discontinue a physician's speciality.

**Defendant refuses to pay notice-period wages and severance**

20.     On or about April 5, 2024, defendant received Dr. von Heimburg's written resignation.

21.     The written resignation that defendant received stated that Dr. von Heimburg was resigning due to the "Clinic's discontinuance of Physician's specialty".

-3-

22.    The written resignation that defendant received also requested the severance owed Dr. von Heimburg due to defendant's choice to eliminate the medical doctors at its Weston Urgent Care Department.

23.    Defendant nevertheless refused to pay Dr. von Heimburg the severance owed her due to its choice to eliminate the medical doctors at its Weston Urgent Care Department.

24.    Defendant also failed to pay Dr. von Heimburg wages for the notice period.

25.    In approximately late April or early May, 2024, defendant learned that Dr. von Heimburg had filed a wage claim with the Wisconsin Department of Workforce Development, Labor Standards Division, for her unpaid notice-period wages and severance.

26.    Defendant nevertheless did not pay Dr. von Heimburg her notice-period wages or her severance.

27.    As of the filing of this Verified Complaint, defendant has continued to fail and refuse to pay Dr. von Heimburg her notice-period wages and her severance.

## Damages

28.    Defendant owes Dr. von Heimburg $203,117.19 in severance.

29.    Defendant owes Dr. von Heimburg $27,448.27 in notice-period wages.

## Jurisdiction

30.    As of the filing of this lawsuit, Dr. von Heimburg is a citizen of the State of Illinois.

31.    As of the filing of this lawsuit, defendant is a Wisconsin corporation, with its principal place of business in the State of Wisconsin.

32. The amount in controversy exceeds $75,000, exclusive of interest and costs.

33. This Court has diversity jurisdiction of this matter under 28 U.S.C. §1332.

# Count I – Wisconsin wage claim

34. Dr. von Heimburg realleges paragraphs 1 through 33 of this Verified Complaint.

35. Dr. von Heimburg has performed all conditions precedent to her bringing this wage claim.

36. Dr. von Heimburg also has performed all conditions precedent of defendant's agreement with her to pay her notice-period wages and severance.

37. As a proximate result of defendant's acts and/or omissions as pled, defendant breached that agreement.

38. Pursuant to Wisconsin statutes §109.11(2), defendant owes Dr. von Heimburg a civil penalty.

39. Pursuant to Wisconsin statutes §109.03(6), defendant owes Dr. von Heimburg reasonable attorney fees.

*Wherefore*, plaintiff Abby von Heimburg prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

b. $203,117.19 in severance;

c. $27,448.27 in wages for the notice period;

d. Prejudgment interest at the prevailing rate on the award of severance and notice-period wages;

e.    A civil penalty calculated pursuant to Wisconsin statutes §109.11(2);

f.    Reasonable attorney fees;

g.    The costs of this action; and

h.    Such other relief as this Court deems just and appropriate.

# Count II –  Failure to Pay Wages and Severance

40.    Dr. von Heimburg realleges paragraphs 1 through 33 of this Verified Complaint.

41.    Dr. von Heimburg has performed all conditions precedent of defendant's agreement with her to pay her notice-period wages and severance.

42.    As a proximate result of defendant's acts and/or omissions as pled, defendant breached that agreement.

*Wherefore*, plaintiff Abby von Heimburg prays for:

a.    A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

b.    $203,117.19 in severance;

c.    $27,448.27 in wages for the notice period;

d.    Prejudgment interest at the prevailing rate on the award of severance and notice-period wages;

e.    The costs of this action; and

f.    Such other relief as this Court deems just and appropriate.

Dr. Abby von Heimburg
plaintiff,

By:     /s/ Rebecca L. Salawdeh
One of her attorneys


Rebecca Salawdeh
SALAWDEH LAW OFFICE
7119 W. North Ave.
Wauwatosa, WI 53213
rebecca@salawdehlaw.com
414-455-0117


David L. Lee
LAW OFFICES OF DAVID L. LEE
542 S. Dearborn St., Suite 660
Chicago, IL 60605
d-lee@davidleelaw.com
312-952-1321

# Exhibit A

# Plaintiff's Verification of Complaint ¶ 3 - ¶ 30

# VERIFICATION

I declare under penalty of perjury (pursuant to 28 U.S.C. §1746) that the facts in paragraphs 3 through 30 of the attached Verified Complaint are true and correct.


Signed: _____

Abby von Heimburg

March 25, 2026